I concur with the majority's analysis and disposition of the first assignment of error.
I respectfully dissent from the majority in its analysis and disposition of the appellant's second assignment of error.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court found that "[t]he structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations." Edmonson at p. 327 (Emphasis added).
Pursuant to R.C. 2929.14(E)(4), in order to impose consecutive sentences when an offender is convicted of multiple offenses, a court must find that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
In the case sub judice, neither on the record at the August 9, 1999, sentencing hearing nor in the August 10, 1999, Sentencing Judgment Entry did the trial court conclude that consecutive service was necessary to protect the public from future crime or to punish the offender. Nor did the trial court state that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
In sum, I would find that the trial court erred in not specifying the above statutory language that it used to support the imposition of consecutive service. I would, therefore, sustain appellant's second assignment of error, vacate appellant's sentence and remand this matter to the trial court for resentencing.
 _________________________________ Julie A. Edwards, Presiding Judge